181 So.2d 9 (1965)
The EXCHANGE NATIONAL BANK OF TAMPA, a National Banking Corporation, as Executor of the Estate of Carlo A. Falcone, Appellant,
v.
HOSPITAL AND WELFARE BOARD OF HILLSBOROUGH COUNTY, a Public Agency, Appellee.
No. 5459.
District Court of Appeal of Florida. Second District.
December 10, 1965.
Rehearing Denied December 30, 1965.
John R. Bush, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Richard W. Reeves, of Allen, Dell, Frank & Trinkle, Tampa, for appellee.
*10 SHANNON, Acting Chief Judge.
The defendant, Exchange National Bank of Tampa, as Executor of the Estate of Carlo A. Falcone, appeals a judgment entered in favor of the plaintiff, Hospital and Welfare Board of Hillsborough County.
The complaint filed in the lower court by the County Board alleged generally that it was created and constituted by Chapter 61-1007, Laws of Florida 1961; that the defendant was the duly appointed executor of the estate of Carlo A. Falcone; that Falcone, the deceased, died on or about February 5, 1960, and was indebted to the plaintiff in the amount of approximately $8,000.00. After a motion to dismiss was denied and an answer filed, the case was tried before the judge and resulted in a judgment for the plaintiff.
The defendant takes the position that the plaintiff had no legal or statutory authority to institute this suit and that the lower court erred in admitting into evidence all testimony relative to the defendant's purported liability.
The plaintiff alleged that it was created and constituted by the Laws of Florida 1961. The defendant contends that since the decedent was committed to the hospital in 1956 and died in 1960, that there was no statutory authority then in existence which would allow the plaintiff to recover. The reasoning behind the defendant's contention is that the 1961 Act is not retroactive in its application. We find it unnecessary to pass on the point, because during the period of decedent's attendance at the hospital, Chapter 9274, Laws of Florida 1923, under which plaintiff's predecessor operated, was in effect. With reference to institutions established by the 1923 Act, it was provided that:
"Such hospitals and clinics shall care for and treat without charge patients who are found by such Board to be indigent, but such Board may collect from patients financially able such charges as such Board may from time to time establish."
The plaintiff thought, and acted upon the assumption, that Falcone, the deceased, was indigent at the time he received the treatment. However, after his death, Falcone was found to have some assets. The 1923 Act does not establish any procedure for actions against personal representatives if the patient should die. Nevertheless, under the Act's provisions the patient, if alive, would be liable himself, and it follows, without the necessity of the Act so stating, that his estate shall also be liable. His liability cannot be discharged by his death. See Heidt v. Caldwell, Fla. 1949, 41 So.2d 303.
The second question that is raised on appeal relates to the admissibility of the hospital records. The defendant objected to testimony and exhibits relating to the hospital's charges against the decedent in his lifetime. As a basis for the appellant's objection it was claimed that no proper predicate was laid for the introduction of the decedent's medical records, including the statement of charges, into evidence. The plaintiff's contention is that the testimony and the records were admissible under Fla. Stat., Sec. 92.36, F.S.A., known as the Uniform Business Records as Evidence Act, which provides, in part, as follows:
"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.
"This section shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.
* * * * * *
"This section shall be deemd cumulative and in addition to all other laws *11 governing shop books, books of account and business records as evidence."
This statute is an extension of Fla. Stat., Sec. 92.37, F.S.A. (shop book rule), and is intended to liberalize the rules as to the allowance of shop book memoranda. Yates v. Helms, Fla.App.2d 1963, 154 So.2d 731.
Oregon has enacted a statute identical to ours, and in Douglas Creditors Ass'n v. Padelford, 1947, 181 Or. 345, 182 P.2d 390, the Oregon Supreme Court stated the following interpretation, with which we agree:
"The court passes upon the admissibility of the records and the jury passes upon their weight. Radtke v. Taylor, supra [105 Or. 559, 210 P. 863, 27 A.L.R. 1423]. There is, under the provisions of the Uniform Act, considerable discretionary power vested in the trial court in determining whether `the sources of information, method and time of preparation were such as to justify' the admission of a record in evidence and a ruling thereon by the court should not be disturbed except in case of manifest abuse of discretion. * * *"
See also the excellent discussion of this Act by the Supreme Court of New Jersey in Mahoney v. Minsky, 1963, 39 N.J. 208, 188 A.2d 161.
The lower court has passed upon the admissibility of the records, and there is a presumption of correctness in its ruling which the defendant has not overcome. We hold that the court was not in error in admitting the records into evidence.
Affirmed.
LILES, J., concurs.
McDONALD, PARKER LEE, Associate Judge, concurs in part and dissents in part with opinion.
McDONALD, PARKER LEE, Associate Judge (concurring in part and dissenting in part).
I agree with the foregoing opinion, except as it relates to the introduction into evidence of the hospital bill and the amount which the Appellee is entitled to recover. I see no basis for considering that a hospital statement prepared long after the discharge of the patient can be considered a part of the hospital records which would be admissible into evidence. I feel that it is necessary to have testimony regarding the charges contained in the bill and evidence as to the reasonable value for the services rendered. I therefore feel that it was error to introduce into evidence the statement, and even if it were admissible it was not of sufficient weight and credibility to support the amount of the verdict. I would reverse with instructions to have a new trial on the question of the amount that the Appellee is entitled to recover.