363 So.2d 386 (1978)
Nelson JAIME, Molina Garage, Inc., and Travelers Insurance Company, Appellants,
v.
Carol J. VILBERG and James E. Vilberg, Her Husband, Appellees.
No. 77-1759.
District Court of Appeal of Florida, Third District.
October 3, 1978.
Rehearing Denied November 9, 1978.
*387 Adams & Ward and Steven Kent Hunter, Miami, for appellants.
Joseph C. Brannen, Miami, for appellees.
Before HENDRY, BARKDULL[*] and KEHOE, JJ.
KEHOE, Judge.
Appellants, defendants below, appeal a final judgment entered pursuant to a jury verdict in favor of appellees, plaintiffs below. We reverse.
Appellees filed suit against appellants alleging that appellee Carol Vilberg sustained personal injuries in an automobile accident caused by appellant Nelson Jaime's negligence. Appellants admitted liability and defended on damages. The main element of damages alleged by appellees was the loss of hearing to Carol caused by the accident. Appellees contended that the nature of the injury to Carol concerned the aggravation of a pre-existing hearing problem. The case was tried before a jury on the sole issue of damages. From a final judgment in favor of appellees, appellants appeal.
The issues on appeal revolve around whether certain evidence pertaining to a prior audiogram testing the hearing of Carol should have been admitted into evidence. Because the extent of the loss of Carol's hearing was at issue, appellants attempted to introduce into evidence an audiogram that was conducted on her the year before. Appellants attempted to introduce the audiogram into evidence as a business record pursuant to Section 92.36, Florida Statutes (1975). Appellees objected to its introduction on the following grounds: (1) it was hearsay; (2) the audiogram was not within the purview of Section 92.36 as an exception to the hearsay rule; and (3) no proper predicate was laid for its admission. Further appellees contend that the trial court did not err in refusing to allow one of appellants' witnesses to testify in regard to the audiogram when appellants did not list this witness in their pre-trial catalogue.
Appellants contend that the audiogram was a business record within the contemplation of Section 92.36 and, therefore, *388 admissible as a business record. We agree. Similar medical records have frequently been held to be business records. See, e.g., Brevard County v. Jacks, 238 So.2d 156 (Fla. 4th DCA 1970); and Exchange National Bank of Tampa v. Hospital of Hillsborough County, 181 So.2d 9 (Fla. 2d DCA 1965). See generally Annot., 66 A.L.R.2d 537 (1959).
However, to be admissible as a business record, such a medical record must have a proper predicate laid for its admission. See generally National Car Rental System, Inc. v. Holland, 269 So.2d 407 (Fla. 4th DCA 1972); and Annot., 19 A.L.R.3d 1008 (1968). In the instant case, one of the witnesses, Lillian Lucke, who appellants attempted to use in laying such a predicate was rejected, pursuant to objection of appellees, because she had not been listed in appellants' pre-trial catalogue. We think that this was error. Both appellants and appellees had listed as a witness the records custodian of the business that kept the audiogram; neither had listed a specifically named person. During the taking of Carol's deposition, appellants asked if she had recently had any hearing tests. In response, Carol stated that she had not been recently tested, thereby, misleading appellants. If Carol had not so misled appellants, they would have discovered the actual name of the records custodian who conducted the hearing test, and listed the name on their witness list. Without Lucke's testimony, appellants were thwarted in their attempt to lay a proper predicate for the admission of the audiogram as a business record into evidence. The prejudice to the defense of the case was manifest in being denied the right to show the jury that Carol's deafness (the crux of the damages) was the same before the accident as after it. Based on these facts, we believe that the trial court abused its discretion in not permitting Lucke to testify.
Reversed.
NOTES
[*] Judge Barkdull participated in the decision in this case but did not hear oral argument.