PER CURIAM.
Appellants R. P. Hewitt & Associates of Florida, Inc., and Comet Steel Erection, *354 Inc., bring this appeal from a final workmen’s compensation order entered July 18, 1979. The order awarded appellee, Edward Murnighan, temporary total disability benefits. Appellants present the following point on appeal: whether the judge of industrial claims erred as a matter of law in finding compensability, where the record is void of any competent, substantial evidence establishing that the cause of the industrial accident was not occasioned primarily by the intoxication of the employee. We find no error and therefore affirm.
Appellee is a 48-year-old experienced ironworker. He was working for appellant employer on September 29, 1978, when he and a partner ironworker were assigned to weld an iron grating to horizontal supports on a stairway forty feet above the ground. Before beginning work at 12:30, appellee and his partner had lunch, appellee having two or three beers with lunch. The foreman did not object to workmen having beer with lunch. The accident occurred about 3:30. Appellee and his partner were standing together on the grating discussing how to cut a piece of it. To pick up tools, appellee’s partner took one step to the right, and appellee took one step to the left. In that split second, the piece of grating appellee stepped on slipped vertically, and he and the grating fell through the space between the supports. When his partner turned at the sound, appellee was already waist deep through the hole. Appellee’s foreman was on the ground explaining the job, and happened to be pointing at appellee and his partner when appellee fell.
Appellee suffered severe injuries from his fall, including multiple fractures and internal injuries, and was immediately taken to an emergency room. The first doctor who treated appellee on arrival smelled alcohol on his breath, and noted his affected speech. A blood alcohol sample was taken, which read 0.14%. This doctor testified appellee was under the influence of alcohol. A second doctor who examined appellee between 4:30 and 5:00 testified he could not tell if appellee was drunk or not, because appellee was in shock. A third doctor who examined appellee about 6:00 testified that appellee was probably in shock, but not unconscious. This doctor stated appellee smelled of alcohol, had slurred speech, and would say only that he was hurting. A fourth doctor examined appellee about a month after the accident, and diagnosed chronic alcoholism based on appellee’s statement he would drink two or three cases of beer per week, but not based on any physical findings, such as liver disease. Finally, a doctor who was, an expert in the field of forensic toxicology reviewed appellee’s medical records, but did not treat him. He testified he could not tell from the manner in which appellee fell whether appellee’s being under the influence of alcohol caused the fall. However, this doctor felt appel-lee’s blood test showed he had been under the influence of alcohol, although he noted that an alcoholic could have a greater tolerance regarding the effects of alcohol upon his actions.
Appellee’s partner as well as his foreman and an ironworker’s steward all testified that they had worked with appellee throughout the day of the accident, but had not noticed any indications he was drunk. Specifically, they did not smell alcohol on his breath, or note any unusual movements, such as staggering. Appellee’s fellow workers also testified that working on a grating was a particularly dangerous iron-worker’s job, since the two and a half feet wide grating strips would tend to slip on the two inch wide slippery metal support strips. Thus a grating was not considered safe untih welded down, although it was necessary to stand on the granting in order to weld it. Appellee’s partner on the grating opined the accident occurred because the grating was lying off-balance when ap-pellee stepped on it, and his weight tipped it, causing him to fall with it.
We affirm the judge’s order finding ap-pellee’s accident was compensable. According to § 440.09(3), Fla.Stat. (1977):
If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee’s blood, it shall be presumed, in the absence of substantial evi *355 dence to the contrary, that the injury was occasioned primarily by the intoxication of the employee.
In the instant case, appellee’s blood sample revealed 0.14% concentration of alcohol, greater than the statutory standard for intoxication. However, the judge correctly found that appellee had presented sufficient evidence to overcome the presumption that his injury was occasioned primarily by his intoxication.
Competent, substantial evidence supports the judge’s conclusion that the accident primarily resulted from the inherent dangerousness of appellee’s work upon the grating. Appellee’s fellow workers presented undisputed testimony attesting to the hazardous nature of this work. Furthermore, appel-lee’s partner on the grating testified that a shift in the grating caused appellee to fall after the split-second he placed his foot on the grating.
No evidence was presented showing that appellee had behaved in a drunken manner prior to falling from the grating. To the contrary, appellee's fellow workers unanimously testified that they had detected no signs that he had been drinking on the day he fell, despite their frequent contact with him that day. Although there was medical testimony indicating appellee seemed to be under the influence of alcohol at the hospital, the judge properly chose to believe the fellow workers’ testimony that appellee did not seem drunk on the grating, especially considering the fact the doctors first saw appellee suffering from shock due to his injuries.
Viewing all of the evidence as a whole, the judge properly could have concluded that appellee’s intoxication was not the primary cause of accident, but only a remote cause, if indeed any. Substantial evidence was presented showing a completely sober man could have suffered the same accident appellee did. Appellee thus met his burden of showing by substantial evidence that his accident was not primarily occasioned by his intoxication. This case may be contrasted with the pre-1977 case of Zee v. Gary, 137 Fla. 741,189 So. 34 (1939). In that case, the burden remained with the employer to show that the employee’s intoxication was the primary cause of accident. The employer in that case failed to meet this burden, with the result that the accident was found com-pensable. In the instant case, the statutory language in § 440.09(3) reversed the eviden-tiary burden, so that it fell on appellee, as a legally intoxicated employee, to overcome the presumption his accident had occurred primarily because of his intoxication. Since appellee met this burden, however, his accident also is compensable.
Accordingly, the order of the judge of industrial claims is hereby affirmed.
ERVIN, SHIVERS and SHAW, JJ., concur.