390 So.2d 1220 (1980)
CITY OF TAMPA, Appellant,
v.
David GREEN, Appellee.
No. TT-47.
District Court of Appeal of Florida, First District.
December 2, 1980.
James A. Sheehan, Tampa, for appellant.
William P. Levens, Tampa, for appellee.
WENTWORTH, Judge.
The self-insured employer appeals a workers' compensation order which we affirm.
Claimant, a garbage man for the city of Tampa, sustained a fractured skull when he fell off a garbage truck while on a new route. Although the other trucks were equipped with both vertical and horizontal handrails, this truck, which claimant had never worked before, had only a vertical handrail at claimant's station. Claimant testified that he fell off the truck when it made a sharp turn a little faster than usual, and he reached for the missing handrail. The driver testified that there was a small bump in the road at the point of the accident.
Claimant was taken to the hospital and a blood alcohol test was eventually administered more than seven hours after the accident occurred. The employer sought to introduce into evidence medical records containing the results of the test. However, the laboratory technician who performed the test could not be located and, upon objection by claimant's attorney, the deputy commissioner refused to admit the test results into evidence. Section 92.36, Florida Statutes (1975), the statutory provision applicable at the hearing in this case, provides that business records may be admitted into evidence in the appropriate circumstances, and various medical tests and examinations, contained in hospital reports, have qualified as business records under § 92.36. See e.g., Jaime v. Vilberg, 363 So.2d 386 (Fla. 3rd DCA 1978); Exchange National Bank of Tampa v. Hospital & Welfare Board of Hillsborough County, 181 So.2d 9 (Fla. 2d DCA 1965). However, the statute provides for admissibility only "if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission," and the trial court "retains much discretion as to the admissibility of particular entries or papers... ." Brevard County v. Jacks, 238 So.2d 156 (Fla. 4th DCA 1970); accord, *1221 Lea Industries Inc. v. Raelyn International Inc., 363 So.2d 49 (Fla. 3rd DCA 1978); see generally, Mastan Co. v. American Custom Homes Inc., 214 So.2d 103 (Fla. 2d DCA 1968). In the present case the deputy apparently concluded that the "method and time of preparation" of the test had not been shown to be sufficiently reliable to justify its admission into evidence. This determination was a matter within the deputy's discretion.
In attempting to introduce the blood alcohol test results into evidence, the employer sought to invoke § 440.09(3), Florida Statutes, which provides that
"no compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee... . If there was at the time of the injury 0.10% or more by weight of alcohol in the employee's blood, it shall be presumed, in the absence of substantial evidence to the contrary, that the injury was occasioned primarily by the intoxication of the employee."
In addition, the deputy expressly found that, even if the blood alcohol test results should be admitted into evidence, claimant's injury was nevertheless occasioned primarily by the absence of a horizontal handrail on the truck. Although admitting that he had been drinking heavily during the weekend preceding the accident, claimant testified that he was sober when he reported to work at 6 a.m., and that he performed his job in the usual manner until falling off the truck around 11:30 a.m. This testimony was corroborated by claimant's co-workers, although it was noted that claimant had taken frequent drinks of water and had begun to "slow down" shortly before his accident. The record facts in this case (including the bump in the road, a sharp fast turn, and the absence of the usual handrail) provide "substantial evidence" for the deputy's conclusion that claimant's injury was not occasioned primarily by intoxication.
The order appealed is affirmed.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.