449 So.2d 365 (1984)
Wanda BEASLEY, Guardian of Michael Pat Wilson, a Minor, John Kenneth Wilson (Deceased), Appellant,
v.
MITEL OF DELAWARE and Home Insurance Company, Appellees.
No. AT-312.
District Court of Appeal of Florida, First District.
April 13, 1984.
*366 Cecil G. Costin, Jr., Port St. Joe, for appellant.
Steve M. Watkins, Tallahassee, for appellees.
WENTWORTH, Judge.
Appellant seeks review of a workers' compensation order by which a claim for death benefits was denied upon a determination that the deceased employee's injury was occasioned primarily by his intoxication. We conclude that the deputy erred by admitting evidence of a blood alcohol test result, and we therefore reverse the order appealed.
Decedent sustained fatal injuries in a single-car wreck which occurred when the vehicle which he was driving left the road at a high rate of speed. Empty beer cans were found in the car and the investigating officer testified that there was a strong smell of alcohol; however, the officer was unable to ascertain whether decedent had consumed any alcoholic beverage. The body was taken to a funeral home, and the officer requested that the funeral director withdraw a blood sample. The officer obtained this sample and subsequently delivered it to a professional association in Tallahassee, which then forwarded the sample for testing at a Miami laboratory. The sample was tested approximately two weeks after the accident occurred, and the test result indicated a blood alcohol level of 0.16 percent. A blood acetone test was also performed, indicating that decedent had not been in a diabetic coma at the time of death. The test results were returned to Tallahassee without any certification regarding either the testing method or the laboratory technician who performed the analysis.
At the hearing testimony was presented to the effect that decedent was a severe diabetic who occasionally suffered from hypoglycemia and insulin shock, and that he had on previous occasions experienced momentary losses of consciousness due to this condition. Decedent's physician testified that this could occur even when a blood acetone indication is negative, and that if decedent had not eaten prior to his accident there is a probability that he may have experienced an insulin reaction.
Appellant's counsel objected to the evidentiary admission of any reference to the blood alcohol test result. Specifically, counsel noted that decedent's blood was not drawn by a statutorily-enumerated practitioner,[1] and that it was not shown that the chemical analysis was performed in accordance with methods approved by the Department of Health and Rehabilitative Services or by an individual possessing a permit issued for such purposes.[2] Counsel also argued that the testimony of an associate medical examiner, who based his conclusions on the Miami lab report but had no personal knowledge as to the testing procedure actually utilized, was inadmissible hearsay, and not within the exceptions of § 90.803(6), Florida Statutes.
*367 Despite counsel's objection the deputy commissioner permitted evidence of the blood alcohol test result. The deputy then applied the statutory presumption of intoxication which § 440.09(3), Florida Statutes, predicates upon a blood alcohol level of 0.10 percent,[3] and denied the claim for benefits.
As counsel's objection asserts, the record in the present case fails to establish substantial compliance with the statutory procedure to determine blood alcohol content. Section 316.1934(2), Florida Statutes, requires such compliance for the evidentiary admission of a blood alcohol test result in:
... any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving, or in actual physical control of, a vehicle while under the influence of alcoholic beverages or controlled substances, when affected to the extent that his normal faculties were impaired or to the extent that he was deprived of full possession of his normal faculties... .
See Campbell v. State, 423 So.2d 488 (Fla. 1st DCA 1982); See also, State v. Bender, 382 So.2d 697 (Fla. 1980); cf., § 316.1934(3), Florida Statutes.
Of course, deputy commissioners are not bound by "technical or formal rules of procedure,"[4] and in the context of statutes relating to accident reports compensation proceedings have been held not to be civil trials within the ambit of such statutory language. See Knight v. William Greene Food Distributor, IRC Order 2-3787 (April 25, 1979), cert. denied 383 So.2d 1197 (Fla. 1980). Nevertheless, in the present case the contested evidence was clearly not admissible under the provisions of Chapter 316, and we conclude that the evidence was likewise not admissible as a business record pursuant to § 90.803(6), Florida Statutes. The Miami lab report was not self-authenticated, and the testifying associate medical examiner was not a "custodian or other qualified witness" as contemplated by the statute. See Brown v. State, 389 So.2d 269 (Fla. 1st DCA 1980). And while City of Tampa v. Green, 390 So.2d 1220 (Fla. 1st DCA 1980), indicates that the deputy retains much discretion in this regard, the totality of the circumstances in the present case show a "lack of trustworthiness" which would further preclude admissibility under § 90.803(6).
Accordingly, the order appealed is reversed and the cause remanded for further proceedings.
MILLS and BARFIELD, JJ., concur.
NOTES
[1] See § 316.1933(2)(a), Florida Statutes.
[2] See § 316.1933(2)(b), Florida Statutes.
[3] Section 440.09(3), Florida Statutes, provides that:

No compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee... . If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee's blood, it shall be presumed, in the absence of substantial evidence to the contrary, that the injury was occasioned primarily by the intoxication of the employee... .
[4] See § 440.29(1), Florida Statutes.