THOMPSON, Judge.
The employer/carrier (E/C) appeal an order awarding death benefits to appellees, the wife and son of the deceased employee. The deputy commissioner (deputy) found: (1) that despite a blood alcohol level of .149%, intoxication was not the primary cause of the accident which resulted in the employee’s death, and (2) that the presumption created by § 440.09(3), Fla.Stat. that the employee’s death was occasioned primarily by his intoxication was successfully rebutted by appellees. Appellants urge that the deputy erred in awarding death benefits as there was no competent substantial evidence to support the finding that the statutory presumption was properly rebutted. We agree and reverse the award.
Bobby Meadows was killed October 7, 1982 when the fork lift he was driving in the course of his employment went off the edge of a loading dock, pinning him beneath it and fracturing his skull. Meadows had driven the fork lift up a ramp to set a bale of waste paper on the loading dock. He then backed up his fork lift to turn and go back down the ramp. For no apparent reason, rather than turning, he drove backwards off the edge of the loading dock.
A fellow employee testified that on the morning of the day of the accident, Meadows and he bought three beers each, and drank them before noon. At lunch Meadows told him he was going to get a half-pint of gin, and later that afternoon Mead *435 ows shared gin and grapefruit juice mixed in a gin bottle with him. Meadows and the employee had drunk together on the job before, and Meadows had been reprimanded approximately five months prior to the accident for bringing beer onto the premises.
Two witnesses who observed Meadows briefly before the accident occurred stated that he did not appear intoxicated. However, the employee who had shared the beer and gin with Meadows earlier said that shortly before the accident he could tell Meadows had been drinking. A blood alcohol toxicology study performed as part of the autopsy showed Meadows’ blood alcohol level to be .149% at the time of his death. The E/C controverted the claim* filed on behalf of Meadows’ widow and child on the ground that the blood alcohol level of the decedent should vitiate the claim.
Section 440.09(3), Florida Statutes (1979), provides in part:
If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee’s blood, it shall be presumed, in the absence of substantial evidence to the contrary, that the injury was occasioned primarily by the intoxication of the employee.
The only evidence presented by appellees to rebut this presumption was the testimony of two witnesses, who observed Meadows only briefly, that he did not appear intoxicated. Meadows’ widow also testified that he could “hold his liquor.” The deputy found that Meadows was intoxicated, but went on to find that appellees’ evidence had successfully rebutted the presumption raised by the statute. We cannot agree.
There was undisputed testimony that on the day of the accident Meadows had been drinking. There was also testimony by a co-worker that he could tell Meadows had been drinking, that he seemed “high,” and that his eyes looked “glossy.” Two witnesses who drove the fork lift prior to the accident stated that there was nothing wrong with the brakes or steering. A private investigator who examined the fork lift shortly after the accident on behalf of the appellees found nothing wrong with it. An OSHA investigator examined the site of the accident, but did not issue a citation.
The appellees did not prove any cause of the accident separate and independent of the employee’s intoxication as in City of Tampa v. Green, 390 So.2d 1220 (Fla. 1st DCA 1980), nor did they show that the accident would have occurred regardless of the employee’s intoxication as in R.P. Hewitt & Associates of Florida v. Murnighan, 382 So.2d 353 (Fla. 1st DCA 1980). The evidence required to rebut the presumption is not limited to these two particular types, but it is clear that a mere conclusion, which was controverted, that the employee did not appear intoxicated is not the type of “substantial evidence to the contrary” required by the statute. Similarly, testimony that the employee could hold his liquor falls short of being substantial evidence that the injury was not primarily occasioned by the employee’s intoxication.
Appellees challenge the deputy’s admission of the results of the blood alcohol test. This alleged error was not properly raised by cross-appeal. Even if this issue had been properly raised, the totality of the circumstances here would not demonstrate sufficient lack of trustworthiness to warrant reversal of the ruling of admissibility. It is within the deputy’s discretion to determine the reliability of the test. City of Tampa v. Green, 390 So.2d at 1221. In the present case the depositions of the doctor who performed the autopsy and of the toxicologist who performed the test were in evidence, as were the autopsy report, narrative summary, certificate of death, and toxicological analysis. The testimony in the depositions reveals that the doctor and toxicologist were occasionally unable to recall specific details about the taking and testing of the- blood samples, but the weight of the testimony and documentary evidence does not demonstrate that the deputy incorrectly assessed it as being reliable.
REVERSED.
*436 BOOTH, J., concurs.
SMITH, J., concurs in part & dissents in part.