478 So.2d 1196 (1985)
STATE of Florida, Appellant,
v.
Charles B. PRUES, Appellee.
No. 85-390.
District Court of Appeal of Florida, Fourth District.
December 4, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellant.
William S. Isenberg, of Isenberg & Schlesser, P.A., and Thomas E. Brandt, Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
The state appeals an order suppressing the results of a blood test.
Appellee, involved in a single-car accident, was placed on a stretcher preparatory to transport to a hospital. A sample of his blood was then taken upon authorization of a police officer pursuant to a criminal investigation as to whether appellee was driving under the influence of alcohol. For present purposes we assume that appellee suffered serious bodily injury in the accident, that the blood test was taken without his consent, and that the state failed to comply with section 316.1932, Florida Statutes (1983).
The issue is whether the blood test was properly administered pursuant to section 316.1933, Florida Statutes (1983). That statute provides, in pertinent part:
(1) Notwithstanding any recognized ability to refuse to submit to the tests provided in s. 316.1932 or any recognized power to revoke the implied consent to such tests, if a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages or controlled substances has caused the death or serious bodily injury of a human being, such person shall submit, upon the request of a law enforcement officer, to a test of his blood for the purpose of determining the alcoholic content thereof or the presence of controlled substances therein. The law enforcement officer may use reasonable force if necessary to *1197 require such person to submit to the administration of the blood test. The blood test shall be performed in a reasonable manner. "Serious bodily injury" means a physical condition which creates a substantial risk of death; serious, personal disfigurement; or protracted loss or impairment of the function of any bodily member or organ.
The trial court held that "death or serious bodily injury of a human being" refers not to the accused driver but rather to "another" human being. On that basis the motion to suppress was granted.
Our task is to determine whether the word "another" should be read into the statute as it was by the trial court.
As noted by both parties, direct treatment of this statutory provision is a question of first impression in Florida. It has, however, been addressed indirectly and in dicta by two other district courts of appeal.
In State v. Williams, 417 So.2d 755 (Fla. 5th DCA 1982), the court noted that the "more lengthy revised statute which goes into effect July 1, 1982" (referring to sections 316.1932 and 316.1933) contains "a new `get tough' section [which] provides that a driver ... who has been involved in an accident which results in the death or serious injury of another human being has no right to refuse the blood test." Id. at 758 n. 6 (emphasis added). Thus, the fifth district indicated that it interprets the phrase "human being" in the statute as referring to one other than the accused driver. But since Williams involved a situation where the driver of another car was killed, it was unnecessary for the court to consider whether the statute might also apply to the accused driver's own injuries in the absence of another injured person.
The case of Beasley v. Mitel of Delaware, 449 So.2d 365 (Fla. 1st DCA 1984), involved a single-car collision in which the driver died. No other persons were involved. A blood sample taken from decedent pursuant to section 316.1933 was found to have been improperly admitted into evidence in a workers' compensation proceeding because of irregularities in the manner in which the blood was drawn. There was no discussion as to the applicability or nonapplicability of section 316.1933 to an accident in which only the driver himself was injured; rather, it was apparently taken for granted that the statute applied. Had the issue been raised and considered, the court might well have found the statute to be inapplicable.
There is no express language in section 316.1933(1) which states that the accused driver is intended to be excepted from the statute. However, section 316.1933(1) does say that a driver who is suspected of being intoxicated "shall submit, upon the request of a law enforcement officer," to a blood test where he has caused the "death ... of a human being... ." It is obvious that this cannot refer to the driver's own death, since he would then be in no position to submit to a blood test at an officer's request, and there is no indication that the alternative in the statute of causing "serious bodily injury" is to be interpreted in a different manner.
Also, there is a strong indication in another section of chapter 316, as amended in 1984, that the "injury" referred to in section 316.1933(1) must be incurred by one other than the accused driver. Section 316.1931(2)(b), Florida Statutes (Supp. 1984), states in pertinent part that "[a]ny person in violation of subsection (1) who by reason of such operation of a vehicle causes serious bodily injury to another, as defined in s. 316.1933 ... is guilty of a felony of the third degree... ." (emphasis added.)
We conclude that section 316.1933(1) is inapplicable here and that the trial court did not err in granting appellee's motion to suppress. Since the state failed to comply with section 316.1932, the blood sample was properly excluded. We therefore affirm the lower court's order granting appellee's motion to suppress.
AFFIRMED.
LETTS and GLICKSTEIN, JJ., concur.