HALL, Acting Chief Judge.
The state appeals the grant by the county court of the appellee’s motion to suppress the results of the appellee’s blood test. We affirm.
The appellee’s blood was drawn at the scene of a motor vehicle accident in which only the appellee, the driver of the motor vehicle, was involved. The blood was drawn because the appellee was seriously injured and the law enforcement officer at the scene detected the smell of alcohol on the appellee’s breath.
The county court granted the appellee’s motion to suppress on the authority of State v. Prues, 478 So.2d 1196 (Fla. 4th DGA 1985), but stated that it believed the blood sample was legally drawn and the motion should be denied. Consequently, it subsequently entered an order certifying a question of great public importance questioning the propriety of State v. Prues.
In its order, the county court stated that the appellee’s blood was drawn pursuant to section 316.1933, Florida Statutes (1985). That statute provides in pertinent part that:
[I]f a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages or controlled substances has caused the death or serious bodily injury of a human being, such person shall submit upon the request of a law enforcement officer, to a test of his blood....
§ 316.1933(1), Fla.Stat. (1985).
In State v. Prues, the Fourth District Court of Appeal held that section 316.-1933(1) only applies where one other than the driver has died or been seriously injured. We believe this is a correct interpretation of section 316.1933(1) because section 316.1931(2)(a), the statute that describes the type and degree of crime that has been committed by a driver under the influence who causes serious bodily injury, refers only to serious bodily injury of another.[1] Section 316.1931(2)(b) describes the type and degree of crime that has been committed when a driver under the influence causes damage only to the property or person of another.[2] There is no statute describing an offense in which a driver under the influence causes damage only to his own person or property. Thus, the purpose of the blood test in section 316.-1933 is to obtain evidence upon which to base a charge for injury to the person or property of another.
If we were to interpret section 316.-1933(1) to allow a law enforcement officer to demand a blood test from a driver thought to be under the influence who has caused damage only to his own person or property, the only purpose the test could serve would be to provide evidence upon which to base a charge of driving under the influence pursuant to section 316.193 or section 316.1931. However, it is evident from chapter 316 that the legislature did not intend that a blood test be administered for that purpose. The only other circumstance in which the legislature provided that a blood test may be administered un *1146 der chapter 316 is that in which a driver thought to be under the influence has been arrested and taken to a medical facility and the administration of a breath or urine test is impractical or. impossible. § 316.-1932(l)(c), Fla.Stat. (1985). Consequently, an interpretation of section 316.1933(1) contrary to that of the Fourth District in State v. Prues would allow the use of the blood test in circumstances and for purposes not intended by the legislature.
However, because of the importance of this issue, we certify the following question to the Florida Supreme Court as one of great public importance:
WHERE A DRIVER OF A MOTOR VEHICLE IS INVOLVED IN A MOTOR VEHICLE ACCIDENT AND IS THE ONLY PERSON TO SUSTAIN BODILY INJURY, MAY A LAW ENFORCEMENT OFFICER WHO HAS PROBABLE CAUSE TO BELIEVE THAT THE DRIVER IS UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES OR CONTROLLED SUBSTANCES REQUIRE THE DRIVER TO SUBMIT TO A BLOOD TEST UNDER SECTION 316.1933(1) EVEN THOUGH THE DRIVER OBJECTS THERETO?
Affirmed.
THREADGILL, J., and UPCHURCH, Associate J., concur.

. Section 316.1931 was repealed effective October 1, 1986. Ch. 86-296, §§ 13, 29, Laws of Florida. The type and degree of crime committed by a driver under the influence who causes serious bodily injury to another is now found in section 316.193(3)(a-c)l.

. The type and degree of crime committed by a driver under the influence who causes damage to the person or property of another is now in section 316.193(3)(a-c)2.