PER CURIAM.
The State of Florida filed a petition for writ of certiorari seeking review of an order of the circuit court, appellate division, which affirmed the trial court’s order suppressing all blood tests in the underlying *1128 action. We grant certiorari and quash the order under review.
A City of Miami Beach police officer encountered Carmine Tronolone in a rescue vehicle. Tronolone was injured and unconscious. At the officer's direction, blood was drawn from Tronolone before he was taken to a hospital. Tronolone was still unconscious when the officer directed a hospital nurse to draw a second blood sample. Tronolone was subsequently charged by information with DUI, careless driving, no valid driver’s license, and driving while license suspended or revoked. Tronolone filed a motion to suppress the blood tests.
At the hearing on the motion, the state attempted to argue that Tronolone’s blood was properly drawn pursuant to section 316.1932(l)(c), Florida Statutes (1985), which provides in relevant part:
Any person whose consent is implied as provided in this section shall be deemed to have consented to an approved blood test for the purpose of determining the alcoholic content of the blood or a blood test for the purpose of determining the presence of chemical substances or controlled substances as provided herein if such person appears for treatment at a hospital, clinic, or other medical facility as a result of his involvement as a driver in a motor vehicle accident and the administration of a breath or urine test is impractical or impossible. The blood test shall be performed in a reasonable manner. Any person who is incapable of refusal by reason of unconsciousness or other mental or physical condition shall be deemed not to have withdrawn his consent to such test. (Emphasis supplied.)
In ruling that the blood tests were inadmissible, however, the trial court relied on section 316.1933 and on State v. Prues, 478 So.2d 1196 (Fla. 4th DCA 1985) (results of blood alcohol test administered to driver inadmissible under section 316.1933 where only person injured in single car accident was driver). We find that the trial court erred in considering only the applicability of section 316.1933. See State v. Perez, 531 So.2d 961 (Fla.1988) (“those who drive under the influence and injure only themselves will ... still be subject to the breath and urine tests authorized by section 316.-1932 and subject to a blood test where the former tests are impossible or impractical.”). The state should have received an opportunity to establish that the requirements of section 316.1932 had been met, including Tronolone’s status as a driver in a motor vehicle accident.
We, therefore, grant certiorari and remand to the circuit court, appellate division, with directions to vacate its opinion and remand to the trial court for further proceedings consistent with this opinion.
Certiorari granted; cause remanded with directions.