561 So.2d 1344 (1990)
Jaime AVALOS, Appellant,
v.
WILLIFORD FARMS, INC. and Crims, Inc., Appellees.
No. 89-2739.
District Court of Appeal of Florida, First District.
June 1, 1990.
*1345 Daniel R. Aidif, Florida Rural Legal Services, Inc., Bartow, for appellant.
Nathan E. Minear and Richard E. Ramsey of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, for appellees.
WIGGINTON, Judge.
Claimant brings this appeal from the order of the judge of compensation claims finding his claim not compensable on the basis that claimant had not overcome the statutory presumption that his injuries were occasioned primarily by his intoxication. We affirm on all points raised by the claimant but find it necessary to discuss in further detail our holding on the intoxication issue.
Claimant was employed by Williford Farms in January 1989 performing farm labor activities. As an incident to his employment, claimant was provided housing in a barrack-type labor camp near the farm. The camp was managed by one of the employer's crew leaders, "Junior" Flores. The only phone was apparently located in the home of another of the crew leaders. It was Junior's practice to visit the labor camp every day and on Friday nights it was not unusual for him to drink a beer or two with his buddies on the crew. Junior and his employers knew that workers would drink in the labor camp and on occasion would carry weapons.
On January 21, 1989, a day on which the laborers were off work, Junior and his friend, Javier Oyervides, a coworker of claimant, purchased parts for Junior's gun. When they returned to camp, they both had a beer and fired some shots. Later that day, Javier continued to drink and again fired a shot.
That same day, appellant had also been drinking and at the time of his injuries had at least a .20 percent blood alcohol content. When Javier fired his gun for the second time, claimant was sitting in a truck with a friend across from Javier's apartment, drinking. According to claimant, he asked Javier to stop shooting because it had awakened his children who were crying. However, when claimant made this request, Javier allegedly attacked him with the butt of the gun. On the other hand, claimant's girlfriend and mother of one of the children testified that only one child was awakened by the shot and that none of claimant's children began crying until after they saw their father enter the apartment bleeding from a head injury. Claimant maintained that Javier had struck him after he had turned around and started to walk away.
To the contrary, Javier testified that after he fired his gun, he returned to his apartment after which appellant kicked his door and cursed at him in Spanish. Javier testified that it was only after claimant had tried to hit him that he struck claimant in self-defense.
On deposition, Junior Flores testified that when he visited the camp the next day, "everybody was saying different things." Junior testified that when he arrived at the camp Javier's "door had been kicked." No other members of the labor camp confronted Javier about firing his pistol.
After hearing testimony and argument of counsel, the judge determined that the *1346 claim was not compensable on the basis that but for claimant's intoxicated confrontation with Javier, the assault would not have taken place. Additionally, the judge held that this claim did not fall within the bunkhouse rule and that claimant had not overcome the statutory presumption that his injuries were occasioned primarily by his intoxication. The judge did not find the testimony of either claimant or Javier to be credible and concluded that the injuries occurred merely from a "drunken brawl."
The troublesome aspect of this case was claimant's own intoxication. The effect of Section 440.09(3), Florida Statutes (1987), was to shift the burden of proof below to the claimant to show in this case, where his blood alcohol content was .10 percent or greater, that the injury was not occasioned primarily by his intoxication. In cases where the claimant carried this burden of proof, it was shown that the injury would have occurred whether or not the claimant was intoxicated. For example, in R.P. Hewitt & Associates of Florida, Inc. v. Murnighan, 382 So.2d 353 (Fla. 1st DCA 1980), this court, in affirming a finding of compensability, observed that the claimant's intoxication was not the primary cause of the accident, but only a remote, if indeed any, cause. "Substantial evidence was presented showing a completely sober man could have suffered the same accident [that claimant] did." Id. at 355; see also City of Tampa v. Green, 390 So.2d 1220 (Fla. 1st DCA 1980).
In contrast, claimant below did not present sufficient evidence to overcome the presumption that his injury was occasioned primarily by his intoxication. There was no showing that the circumstances of this case would have occurred despite claimant's having been inebriated, or that a "completely sober man could have suffered the same accident" that claimant suffered. It was reasonable for the judge to conclude that "but for" claimant's intoxicated confrontation with Javier, the assault would not have taken place. Although there was evidence that claimant could not have easily called authorities or the camp manager or owner, it could be reasonably inferred that had he not been intoxicated he would not have confronted Javier or he would have been in a better position to have handled Javier.
We also do not agree with claimant that the employer/carrier are estopped from raising the defense of intoxication. The cases cited by claimant wherein estoppel was applied are easily distinguishable. In West Florida Distributors v. Laramie, 438 So.2d 133 (Fla. 1st DCA 1983), the employer "encouraged and practically insisted on the use of alcohol on the job." Similarly in the California case of McCarty v. Workmen's Compensation Appeals Board, 12 Cal.3d 677, 527 P.2d 617, 117 Cal. Rptr. 65 (1974), there was blatant employer participation in an ongoing practice of drinking following the close of the business day. In the instant case, although there was some evidence showing that one of the crew leaders occasionally had a beer or two with the workers, those circumstances do not lend this case to be favorably compared to those above showing such specific employer involvement in the drinking practices of the employees as practically to condone their regular practice of becoming inebriated.
Thus, for the foregoing reasons, the order of the judge of compensation claims denying the claim for benefits is AFFIRMED.
SMITH and WENTWORTH, JJ., concur.