PER CURIAM.
Lifemark Hospital of Florida, Inc., appeals from a final judgment entered on a jury verdict finding it 100% liable in a premises liability case. We affirm.
The hospital relies on the “step in the dark” rule of contributory negligence for the proposition that, as a matter of law, in this case the plaintiff was comparatively negligent. See, e.g., Delany v. Breeding’s Homestead Drug Co., 93 So.2d 116 (Fla.1957); Rubey v. William Morris, Inc., 66 So.2d 218 (Fla.1953). Considering that the plaintiff was familiar with her surroundings at the time of the injury, we hold that the “step in the dark” rule is inapplicable to this case. Yoder v. Greenwald, 246 So.2d 148 (Fla. 3d DCA 1971). Therefore, the question of whether the plaintiff was negligent was properly presented to the jury. See Seigel v. Mt. Sinai Hospital of Greater Miami, Inc., 250 So.2d 332, 333 (Fla. 3d DCA 1971) (whether plaintiff exercised reasonable care for own safety was question for jury to decide).
We also hold that the record concerning a previous hospitalization was properly excluded because it was hearsay and did not fall within any of the exceptions to the rule. See Garrett v. Morris Kirschman & Co., 336 So.2d 566, 569 (Fla.1976) (unverified writing of third person is hearsay and must be shown to fall within exception to be admissible); §§ 90.803(4) and 90.803(18), Fla.Stat. (1991). See, e.g., Jaime v. Vilberg, 363 So.2d 386 (Fla. 3d DCA 1978) (medical record must have proper predicate laid to be admissible), cert. denied, 373 So.2d 462 (Fla.1979); Holt v. Grimes, 261 So.2d 528 (Fla. 3d DCA 1972) (where no testimony concerning mode of preparation of certain records presented, trial court did not err in sustaining objection to the admission of those records).
Finding no merit in the other points presented on appeal, we affirm.
Affirmed.