BARFIELD, Judge.
The employer and carrier (E/C) appeal a compensation order which denied disability benefits but awarded medical benefits. The E/C correctly assert that the term “compensation” as used in section 440.09(3), Florida Statutes (1991), includes both medical and disability benefits. Accordingly, the order on appeal is reversed.
The claimant was injured in an industrial accident on February 5, 1993, when her arm was caught in a machine. A drug test conducted after the injury was positive and the claimant admitted that she had used marijuana. The claimant returned to work on February 25, 1993 and worked until she voluntarily quit on March 30, 1993 and moved to another state. The claimant sought temporary total disability from February 5 through February 25,1993, and payment of past medical expenses. The E/C defended on the ground that the employer had implemented a drug-free workplace program and all benefits were barred pursuant to section 440.101, Florida Statutes (1991), or, in the alternative, the accident was primarily occasioned by drug use and therefore not compensable pursuant to section 440.09(3), Florida Statutes (1991).
Section 440.101 sets forth the legislative intent regarding drug-free workplaces:
... It is further the intent of the Legislature that drug abuse be discouraged and that employees who choose to engage in drug abuse face the risk of unemployment and the forfeiture of workers’ compensation benefits. If an employer implements a drug-free workplace program which includes notice, education, and testing for drugs and alcohol pursuant to rules developed by the division, the employer may require the employee to submit to a test for the presence of drugs or alcohol and, if a drug or alcohol is found to be present in the employee’s system at a level prescribed by rule adopted pursuant to this
*1388 act, the employee may be terminated and shall forfeit his eligibility for medical and indemnity benefits ...
(Emphasis added). The Judge of Compensation Claims (JCC) correctly determined that the employer’s drug-free workplace program did not satisfy the requirements of section 440.102, Florida Statutes (1991), and that denial of benefits pursuant to section 440.101 was therefore impermissible. We reject the E/C’s argument that the employer should be entitled to an absolute denial of all benefits when an employee tests positive for drug use after an injury if the employer has substantially complied with the requirements of section 440.102.
Although we reject the E/C’s substantial compliance argument, the presumption appearing in section 440.09(3) affords the E/C the desired relief. Section 440.09 provides, in part:
(1) Compensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death result from an injury arising out of and in the course of employment....
(2) No compensation shall be payable in respect of the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or the Jones Act.
(3) No compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee; by the influence of any drugs, barbiturates, or other stimulants not prescribed by a physician, which affected the employee to such an extent that the employee’s normal faculties were impaired; or by the willful intention of the employee to injure or kill himself, herself, or another. If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee’s blood, or if the employee has a positive confirmation of a drug as defined in this act, it shall be presumed that the injury was occasioned primarily by the intoxication of, or by the influence of the drug upon, the employee. In the absence of a drug-free workplace program, this presumption may be rebutted by clear and convincing evidence that the intoxication or influence of the drug did not contribute to the injury....
Regarding the rebuttable presumption in section 440.09(3), the JCC found there was no clear and convincing evidence to rebut the presumption that the drug contributed to the injury. This finding is supported by the record. The JCC determined that “compensation” was accordingly denied, but noted that the question of what constitutes “compensation” had to be addressed because unlike section 440.101, section 440.09(3) did not provide that both “medical and indemnity” benefits should be denied.
The JCC observed that “compensation” was defined only in section 440.02(6), Florida Statutes (1991), as follows:
When used in this chapter, unless the context clearly requires otherwise, the following terms shall have the following meanings:
[[Image here]]
(6) “Compensation” means the money allowance payable to an employee or to his dependents as provided in this chapter.
The JCC noted that the definition of “compensation” in section 440.02(6) did not mention medical benefits. The JCC concluded that if the legislature had intended that both medical and “indemnity” benefits be denied under section 440.09(3), the legislature could have used the same terminology used in section 440.101. Because the legislature used different terms in the two statutory provisions, the JCC denied “indemnity” benefits but awarded medical benefits.
To limit the term “compensation” in section 440.09 to disability benefits leads to illogical results. Such a construction of the term would permit an award of medical benefits under section 440.09(2) to an employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or the Jones Act and under section 440.09(3) to an employee who by willful intention injured himself. Historically, however, these provisions have denied all benefits. See, e.g., Avalos v. Williford Farms, Inc., 561 So.2d 1344 (Fla. 1st DCA 1990).
*1389 Section 440.10(l)(a), Florida Statutes (1991), provides that every employer coming ■within the provisions of the chapter shall “be hable for, and shall secure, the payment to his employees, or any physician, surgeon, or pharmacist providing services under the provisions of s. 440.13, of the compensation payable under ss. 440.13, 440.15, and 440.16.” (Emphasis added). Section 440.13 is the statutory provision for medical benefits. The legislature has therefore clearly used the term compensation in reference to medical benefits. We also note that throughout the Act, the legislature generally refers to compensation for disability or compensation for death when a limited or narrow construction of “compensation” is intended.
The JCC’s rebanee on the fact that the legislature referred to “medical and indemnity benefits” in section 440.101, while referring to “compensation” in section 440.09, appears to be unwarranted. Within section 440.101, the legislature first refers to forfeiture of “compensation benefits” and subsequently refers to forfeiture of “medical and indemnity benefits.” Additionally, there is no other statutory provision defining or providing “indemnity” benefits.
We conclude that section 440.09(3) precludes payment of all benefits and the JCC therefore erred in awarding medical benefits in this case. Accordingly, the order on appeal is REVERSED.
KAHN and DAVIS, JJ., concur.