334 So.2d 569 (1976)
FARRENS TREE SURGEONS and Liberty Mutual Insurance Company, Petitioners,
v.
Lonnie B. WINKLES and State of Florida, Industrial Relations Commission, Respondents.
No. 47485.
Supreme Court of Florida.
June 9, 1976.
*570 John C. Taylor, Jr., of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for petitioners.
Michael McDermott, of Provitola & McDermott, DeLand, for respondents.
SUNDBERG, Justice.
This matter is before us on a petition for writ of certiorari to the Industrial Relations Commission from an order reversing the Judge of Industrial Claims. Jurisdiction vests pursuant to Article V, Section 3(b)(3), Florida Constitution.
Respondent Winkles, now 44 years of age and a veteran of some 25 years of employment with petitioner Farrens Tree Surgeons, sustained an injury in an automobile accident arising out of his employment as an hydraulic mechanic on September 17, 1965. At a hearing before the Judge of Industrial Claims in January, 1974, he made no request for temporary disability compensation, because he had continued to receive his regular salary, with occasional raises, from the time of the accident. He did, however, request permanent partial disability compensation based on a 90 percent permanent loss of vision in the right eye, a 30 percent permanent partial disability of the body as a whole for injuries to the neck, back, and spine; and a 20 percent permanent disability to the left arm. After hearing testimony from Winkles and his supervisor (there were depositions from three doctors, including a chiropractor, as well), the Judge of Industrial Claims found that respondent had sustained a 60 percent permanent partial disability to the body as a whole because of his injuries sustained in the accident. This figure was reached by adding together the following: a 24 percent permanent partial disability to the body as a whole resulting from a 100 percent loss of vision of the right eye; a 30 percent permanent partial disability to the body as a whole because of the spine injury; a 6 percent permanent partial disability to the body as a whole because of the injury to the left extremity.
Winkles filed a timely application for review with the Industrial Relations Commission. The Commission reversed, holding that it was improper to treat combinations of injuries as constituting injuries to the body as a whole under Section 440.15(3)(u), Florida Statutes.[1] Noting that scheduled compensation for the eye injury alone entitled respondent Winkles to 175 weeks of compensation, the Commission specifically disapproved of the conversion of Winkles' individual injuries to a percentage of "whole body" injuries, and remanded the cause to the Judge of Industrial Claims. It is from the Commission's decision that certiorari to this Court was taken.
In view of Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974), the issue before us is whether the Commission's order constitutes "a departure from the essential requirements of law." The *571 questions framed for the resolution of this issue are:
(i) Whether the Judge of Industrial Claims erred in treating the claimant's multiple injuries as relating to the body as a whole and in awarding disability benefits based upon a rating to the body as a whole; and
(ii) Whether there was competent substantial evidence for the Judge of Industrial Claims' finding of 60 percent permanent partial disability of the body as a whole.
Relying upon Williamson v. Bush & LaFoe, 294 So.2d 641 (Fla. 1974), petitioners assert that the Commission has departed from the essential requirements of law. Since the Florida Workmen's Compensation Act makes no provision for combinations of injuries, the employer/carrier maintains that a Judge of Industrial Claims who is faced with a situation such as the one at bar must find compensation for permanent partial disability under Section 440.15(3)(u), Florida Statutes. Section 440.15(3)(u) follows an enumeration by the Legislature of scheduled injuries to single body members or bodily functions [Section 440.15(3)(a) through (t), Florida Statutes] and refers to "all other cases in this class of disability." Petitioners assert that since there are multiple scheduled injuries and an injury to the body as a whole, Section 440.15(3), Florida Statutes, requires the Judge of Industrial Claims to proceed to Section 440.15(3)(u), Florida Statutes. Because multiple scheduled injuries are not defined in Section 440.15(3)(a) through (t), Florida Statutes, it is argued that the situation presented in the instant case must fall within the legislative category of "other cases". Petitioners find support for their position in the following language from this Court's opinion in Williamson, supra:
"In connection with this point it should be noted that F.S. § 440.15(3)(d), F.S.A., refers to `foot lost', the singular and not the plural. The Legislature recognized that it could not possibly foresee every possible injury or combination of injuries so it included in the schedule subsection (u) to cover other cases. The injury described sub judice falls into the `other cases' category."
In Williamson, supra, the claimant suffered injuries to both feet. The Judge of Industrial Claims found permanent partial disability to each foot on an anatomical basis but concluded that "the effect of the two scheduled injuries is to reduce the efficiency of the body as a whole." Accordingly, he rendered an award based on injury to the body as a whole under Section 440.15(3)(u), Florida Statutes. The Commission reversed and remanded, finding that the Judge of Industrial Claims should have found permanent partial disability of scheduled members and not disability of the body as a whole. This Court stated the issue as follows:
"The sole question for our determination is whether independent, simultaneous injuries to two body members, which would be considered as scheduled injuries if they occurred separately, may be treated under Florida Statute § 440.15(3)(u), F.S.A., as an injury to the body as a whole?" (Emphasis supplied)
The Court responded to the question in the affirmative and in arriving at its decision stated:
"... Secondly, we do not feel that the Legislature meant `torso' when it said `body as a whole' but instead meant to recognize that some injuries simply may not fit in the schedule set forth in F.S. § 440.15, F.S.A. Thus when an injury to a scheduled member results in greater disability than ordinarily accompanies that injury because it has coupled with another member injury, the JIC should recognize that fact and hold accordingly." p. 644. (Emphasis supplied)
The "most favorable remedy" doctrine has been at least implictly a feature of Florida workmen's compensation law for years. In Henderson v. Sol Walker *572 and Co., 138 So.2d 323, 327 (Fla. 1962), this Court said in reference to the Workmen's Compensation Act:
"[T]he construction given the act by the commission is entitled to great weight, and this court will not adopt a contrary interpretation except for the most cogent reasons. Moreover, where the Act is susceptible of disparate interpretations, the court will adopt that construction which is most favorable to the employee."
Petitioners assert that Williamson, supra, effectively departed from the dictates of the doctrine described above. But it is apparent that rather than receding from the "most favorable remedy" rule, the Court in Williamson recognized its efficacy by holding that when an injury to a scheduled member results in greater disability than ordinarily accompanies that injury because it has coupled with an injury to another member, the JIC should recognize that fact and make its award accordingly. Williamson does not stand for the proposition that the award must be made under Section 440.15(3)(u), Florida Statutes, when it would result in a diminished disability award.
In Grao v. Fountainebleau Hotel, IRC Order 2-2543 (March 11, 1974); cert. denied Fountainebleau Hotel v. Grao, 300 So.2d 900 (Fla. 1974), the Commission enunciated the rule of law in this area thus:
"When there are two distinct injuries, one to a scheduled member and one to the body as a whole, even if both are incurred during the same accident, they may both be compensated for separately as long as the injury to the body as a whole is not the result of the injury to the scheduled member. Furthermore, in determining the loss of wage earning capacity, all injuries, including scheduled injuries, must be considered. Consequently, there will be three amounts initially determined in Mrs. Grao's claim. The Judge of Industrial Claims will determine (1) the scheduled recovery, (2) the separate anatomical injury to the body as a whole, and (3) loss of wage earning capacity taking into consideration all of Mrs. Grao's injuries. The Judge will then award to Mrs. Grao the greater of either the total of the scheduled injuries [1], plus anatomical body as a whole injury not resulting from the scheduled injury [2]; or the loss of wage earning capacity determined considering all of Mrs. Grao's injuries [3]."
In view of the admonition in Wick Roofing Co. v. Curtis, 110 So.2d 385 (Fla. 1959), that the statute (Chapter 440, Florida Statutes) was meant to be applied in such a way as to "accomplish the benficient purposes and objectives implicit in legislation of this type," we are not persuaded that the Industrial Relations Commission departed from the essential requirements of law in its interpretation and application of Section 440.15(3), Florida Statutes. See Henderson v. Sol Walker & Co., supra.
We concur also with the Commission's determination that there was an absence of competent substantial evidence for the Judge of Industrial Claims' finding of 60 percent permanent partial disability of the body as a whole. The Judge of Industrial Claims expressly found 100 percent loss of vision of the right eye, but then determined that such loss was equivalent only to 24 percent permanent partial disability to the body as a whole. A plain reading and application of Sections 440.15(3)(r) and (e), Florida Statutes, provide for 175 weeks of compensation in the event of total loss of use of an eye. As a result of the conversion into a body as a whole rating the benefits to Winkles were reduced to 84 weeks. Such a procedure is clearly in contravention of Sections 440.15(3)(r) and (e), Florida Statutes.
Accordingly, the petition for writ of certiorari is denied.
OVERTON, C.J., and ROBERTS, BOYD and HATCHETT, JJ., concur.
NOTES
[1] "Other cases: In all other cases in this class of disability the compensation shall be sixty per cent (60%) of the injured employee's average weekly wage for such number of weeks as the injured employee's percentage of disability is of three hundred fifty (350) weeks; provided, however, that for the purpose of this paragraph `disability' means either physical impairment or diminution of wage earning capacity, whichever is greater."