PER CURIAM.
This is an appeal from a workers’ compensation order denying a claim for benefits for permanent partial disability in excess of the rating of llh% permanent partial disability of the body as a whole accepted by the employer/carrier.
Claimant twisted and injured his knees on June 29, 1977, while employed as an inspector at the Broward County Motor Vehicle Inspection Station. Eventually, claimant returned to work for the same employer, although he was placed on special duty whereby he did not have to move around as much as he did in his pre-accident position. As of the date of the hearing on the claim, claimant was working for the same employer and actually earning more than he had earned at the time of the accident.
*268 Several physicians examined claimant and their reports were received in evidence by the deputy commissioner. Dr. Silver-stein was of the opinion that claimant had incurred internal derangement in both knees and as a result had a 10% permanent partial disability of the right lower extremity and a 5% permanent partial disability of the left lower extremity. He also expressed the disability resulting from the knee injuries in terms of disability to the body as a whole, and opined that claimant had a 7%% permanent partial disability to the body as a whole. In the opinion of Dr. Jones, claimant had a 15% permanent partial disability of the right knee, but no disability of the left knee.
The claim was for loss of wage earning capacity in excess of the 7V2% anatomically based on the body as a whole rating which had been accepted by the employer/carrier. Alternatively, a claim was made for an award based on the physician’s scheduled disability ratings. The claim was denied.
As to appellant’s first point on appeal, that the deputy commissioner erred in failing to award benefits for loss of wage earning capacity in excess of the 7V2% anatomic impairment rating, we affirm. It is true that an actual increase in wages is not determinative of the issue of loss of wage earning capacity, Guzman v. Surge Electric, Inc., 381 So.2d 287 (Fla. 1st DCA 1980). In the instant case, however, the deputy commissioner also based his determination on the finding that claimant now works mostly on his feet for eight hours a day, forty hours a week. This finding is supported in the record by competent substantial evidence.
We do find merit in appellant’s second point. He should have been awarded the more favorable of remedies as between the unscheduled and scheduled disability ratings. Farrens Tree Surgeons v. Winkles, 334 So.2d 569 (Fla.1976); C. F. Chemicals, Inc. v. Elwood, IRC Order 2-3712 (February 22,1979). Any combination of scheduled disability ratings chosen by the deputy commissioner would have resulted in appellant receiving more weeks of compensation than he would receive pursuant to the TWX> permanent partial disability of the body as a whole rating. The disability ratings of the left and right knees given by Dr. Silverstein would have yielded a total of thirty weeks of compensation under the schedule, as would Dr. Jones’ rating of the right knee. Another possibility would be an award taking into account both the rating by Dr. Jones of a 15% permanent partial disability of the right knee and the rating by Dr. Silverstein of a 5% permanent partial disability of the left knee. This combination would yield a total of forty weeks of compensation under the schedule. On this point, therefore, we reverse and remand to the deputy commissioner for recomputation of the permanent partial disability benefits due, with the more favorable of remedies, as between scheduled and unscheduled disability ratings, to be awarded.
McCORD and SMITH, JJ„ and LILES, WOODIE A. (Retired) Associate Judge, concur.