ROBERT P. SMITH, Jr., Judge.
The deputy’s order rejecting the employer’s intoxication defense, sec. 440.09(3), Fla. Stat. (1981), must be reversed for its error in holding that the presumption afforded the employer by that statute did not arise from the evidence of claimant’s blood alcohol content. But because the presence of that presumption may not conclude the factfinder’s inquiry, we remand the case for further consideration by the deputy, on the same record.
This 51 year-old illiterate claimant worked for ten years or more for this employer, as a fruit picker. One day he was found beneath an orange tree, with his 20-foot ladder fallen into the lower branches, a broken tree limb nearby, and a broken neck. Claimant evidently was a chronic alcoholic, as witness withdrawal symptoms later in the hospital. Claimant’s crew leader testified that claimant did not seem to have been drinking when he reported for work, and claimant denied drinking since the night before. This the deputy found to be incredible, for several paramedics and hospital attendants testified emphatically that claimant was intoxicated when, at mid-afternoon, claimant was taken into medical care. The point in issue is the blood test performed at the hospital that evening. The deputy allowed the test results in evidence but without a presumption, normally attending the tester’s finding of exactly .10 percent blood alcohol content, “that the injury was occasioned primarily by the intoxication of the employee.”
In ruling that the presumption did not arise, the deputy held that the conceded margin of error in the testing technique, estimated at .05 percent (leaving, we suppose, an accuracy rate of 99.95 percent), makes it impossible for the presumption to arise when the reading of alcohol content is exactly .10 percent. The statutory presumption depends upon a finding of .10 percent of alcohol.
The deputy’s ruling was right on numbers but erroneous in fixing the time at which the right numbers were important. The statute looks to the alcohol content “at the time of the injury,” not specifically to percentage readings at the time of the test. There was abundant evidence that, unless claimant consumed alcohol after his fall, of which there is no evidence nor any reasonable inference, an alcohol reading of .10 late in the day meant a substantially higher level at the time of the accident. The deputy did not deny this reasoning, but found the .10 percent reading at the test an insufficient predicate, in view of the error-factor, to support the antecedent inference.
In this, we conclude, the deputy erred. The presumption was afforded by 440.09(3).
Yet the deputy conceivably may have found from the evidence, despite the presumption, that claimant’s fall was not “occasioned primarily by the intoxication of the employee.” Sec. 440.09(3). Even if presumed, it is not necessarily concluded, that this chronic alcoholic, chosen by the employer as suitable enough in ladder work for ten years, and capable everyday before of picking citrus at heights without break *37 ing his neck, fell this day primarily because he was intoxicated. The fallen ladder and the broken tree limb, interpreted by the crew leader from years of experience, meant that claimant and the ladder fell together, when the limb broke under their weight; neither the falling ladder nor the falling claimant would alone have broken this limb, he said. That testimony was credited by the deputy when weighing the evidence absent the presumption; and, as the question now is whether that evidence contrary to the presumption is “substantial,” as the statute requires, remand is necessary.
Should the deputy conclude that substantial evidence did not overcome the statutory presumption, the deputy will of course deny this claim. If the claim is sustained, however, claimant’s point on cross-appeal is conceded and is well taken: claimant reached maximum medical improvement and is permanently and totally disabled.
REVERSED and REMANDED.
BOOTH and WIGGINTON, JJ., concur.