561 So.2d 654 (1990)
FLORIDA TILE INDUSTRIES and Liberty Mutual Insurance Company, Appellants,
v.
James E. DOZIER, Appellee, and
State of Florida, Department of Labor and Employment Security, Division of Workers' Compensation, Statutory Respondent.
No. 88-2696.
District Court of Appeal of Florida, First District.
May 9, 1990.
Rehearing Denied June 13, 1990.
Charles E. Bentley and Michael P. Sampson of Holland and Knight, Lakeland, for appellants.
H. Guy Smith, Lakeland, Calvin A. Pope, Tampa, and Bill McCabe, Longwood, for appellee James E. Dozier.
ZEHMER, Judge.
Florida Tile Industries and Liberty Mutual Insurance Company, the employer and carrier, appeal a workers' compensation order that awarded James Dozier, claimant, permanent total disability benefits, temporary total disability benefits, medical benefits, and attendant care services. The employer and carrier assert on appeal that the judge of compensation claims erred in finding that evidence of claimant's blood alcohol content did not give rise to the statutory presumption of causation by intoxication, and erred in awarding claimant 24-hour attendant care benefits. We affirm on both points.
Claimant sustained injuries resulting in extensive brain damage while working as a mixer/bulk system operator for the employer, a ceramic wall and floor tile manufacturer. *655 On October 24, 1985, at 2:00 a.m., a coworker found claimant lying unconscious on his back on the concrete floor six feet below his work station. No one witnessed the accident nor saw claimant during the hour and twenty minutes before he was found unconscious. At 3:00 a.m., in the hospital emergency room, blood was drawn from claimant for a series of blood tests. Blood alcohol test results reflected a serum alcohol level of 0.16. Claimant remained hospitalized for approximately three months, and his residual injuries include complete retrograde amnesia.
Claimant subsequently filed a claim for medical benefits, temporary total and permanent total disability benefits, and attendant care benefits. The employer and carrier defended the claim on the grounds that section 440.09(3), Florida Statutes (1985), "the intoxication statute," precluded claimant from receiving workers' compensation benefits for these injuries.
After a six-day hearing, the judge entered a fifty-page order wherein he found that the employer and carrier failed to establish the fact that at the time of claimant's injury claimant's blood alcohol level was 10% [0.10] or greater, and refused to apply the statutory presumption of causation by intoxication. The judge found the accident was compensable, and awarded claimant temporary total disability benefits, permanent total disability benefits, medical benefits, and 24-hour-a-day attendant care services.
The judge found section 440.09(3), Florida Statutes (1985), inapplicable to this case because, among other reasons, the statute requires a test for alcohol in the employee's whole blood, not in his blood serum. Section 440.09(3) provides:

No compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee; by the influence of any narcotic drugs, barbiturates, or other stimulants not prescribed by a physician, which affected the employee to such an extent that the employee's normal faculties were impaired; or by the willful intention of the employee to injure or kill himself, herself, or another. If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee's blood, it shall be presumed, in the absence of substantial evidence to the contrary, that the injury was occasioned primarily by the intoxication of the employee. Percent by weight of alcohol in the blood shall be based upon grams of alcohol per 100 milliliters of blood.

(emphasis added). This statute requires a test of the employee's whole blood for alcohol content and makes no provision for testing of the employee's blood serum. The statute plainly requires a showing that there was "0.10 percent or more by weight of alcohol in the employee's blood," not in the employee's blood serum. The statute further states that "[p]ercent by weight of alcohol in the blood shall be based upon grams of alcohol per 100 milliliters of blood"; it does not make any provision for a determination based upon blood serum. Even if we were to find the statute ambiguous as to the type of test results that may be used to trigger this presumption, we would have to construe the statute in favor of claimant's recovery. Where a workers' compensation statute is susceptible of disparate interpretations, the court must adopt the construction that is most favorable to the claimant. Farrens Tree Surgeons v. Winkles, 334 So.2d 569 (Fla. 1976).[1] We hold, therefore, that the judge of compensation claims did not err in ruling that the blood serum test employed in this case did not meet the statutory requirements.
We also affirm this point because the record contains competent, substantial evidence to support the judge's finding that *656 the employer and carrier failed to satisfy their burden of showing there was 0.10 or more by weight of alcohol in the claimant's blood. The record contains a substantial amount of expert testimony that the alcohol content in claimant's blood at the time of the injury could not be accurately and reliably determined from the serum test results. This testimony indicated that, because of the absence of red blood cells in the serum, serum tests often result in a false high reading, and that the interaction of the resuscitation fluid given claimant and an enzyme in the blood that is elevated after an injury increased the possibility of a false high reading. (T. 2827-2828, 2836). Evidence also showed that the subject blood was drawn for medical, rather than legal, purposes, and that among the differences between these two tests is that whole blood, as opposed to blood serum, is used for a legal blood test. (T. 5780-5781). These findings provide additional reasons for insisting on strict compliance with the statutory provisions.
Addressing the second point, we likewise conclude that the record contains competent, substantial evidence to support the award of past and future 24-hour-a-day attendant care benefits. The record contains testimony of three doctors that claimant is mentally incompetent and requires continuous supervision, and the evidence establishes that claimant's family, or others hired by his family, have provided and continue to provide such supervision. Based on this showing of the need for 24-hour-a-day attendant care benefits, we affirm the award. We note, however, that benefits paid after October 1, 1989, must be paid in accordance with section 440.13(2)(e)2, Florida Statutes (1989).[2]
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] Contrary to employer and carrier's contentions, none of the cases cited in their briefs hold that serum alcohol test results can be used to establish the statutory prerequisite of showing 0.10 or more by weight of alcohol in the employee's blood. Most of the cases involving this statute refer to the test simply as a "blood test," or "blood alcohol test," and one cannot ascertain that they involved a blood serum test. See e.g. Beasley v. Mitel of Delaware, 449 So.2d 365 (Fla. 1st DCA 1984); Austin v. Gardner, 440 So.2d 35 (Fla. 1st DCA 1983); City of Tampa v. Green, 390 So.2d 1220 (Fla. 1st DCA 1980).
[2] Pursuant to the amendment to section 440.13(2)(e)2, Florida Statutes (1989), claimant's family members may be compensated for only 12 hours per day attendant care services rendered and paid after October 1, 1989, the effective date of the amendment. Mr. C's TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990).