668 So.2d 593 (1996)
DOMINO'S PIZZA, et al., Petitioners,
v.
Richard E. GIBSON, Respondent.
No. 85803.
Supreme Court of Florida.
February 22, 1996.
*594 Millard L. Fretland of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, for Petitioners.
Louis K. Rosenbloum and Mark J. Proctor of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for Respondent.
Jack A. Weiss of Conroy, Simberg & Lewis, P.A., West Palm Beach, for Wausau Insurance Company, amicus curiae.
HARDING, Justice.
We have for review Domino's Pizza v. Gibson, 654 So.2d 638 (Fla. 1st DCA 1995), in which the First District Court of Appeal certified the following question to be of great public importance:
Does section 440.09(3), Florida Statutes, preclude expert testimony converting blood alcohol content from a percentage of blood serum to a percentage of whole blood?
Id. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the certified question in the negative.
Richard E. Gibson was injured in an automobile accident while working as a pizza delivery man for Domino's Pizza. At the hospital, Gibson's serum blood alcohol content measured 0.293 milligrams of alcohol per deciliter of blood serum.
Gibson filed a claim for workers' compensation benefits. His employer, Domino's Pizza, and the insurance carrier, Alexis, Inc., defended the claim on the grounds that section 440.09(3), Florida Statutes (1991),[1] precluded Gibson from receiving workers' compensation benefits for his injuries.
Gibson filed a motion in limine to exclude all evidence of his post-accident blood alcohol content on the ground that the test was performed on blood serum rather than whole blood. Gibson cited the decision in Florida Tile Industries v. Dozier, 561 So.2d 654 (Fla. 1st DCA 1990), as authority that blood serum test results are inadmissible under section 440.09(3).
After hearing on the motion, the judge of compensation claims granted Gibson's motion, thereby excluding all evidence of Gibson's blood alcohol content. The judge subsequently issued a final order ruling that Gibson's accident was compensable and that *595 the employer and carrier were liable for the payment of benefits.
On appeal, the First District Court of Appeal stated that it was constrained by its previous opinion in Florida Tile, which construed section 440.09(3) as making no provision for the testing of blood serum to determine blood alcohol content. 654 So.2d at 638. However, the court went on to state that it found no such limitation in the statute and no prohibition against the use of properly proved expert scientific evidence that establishes blood alcohol content by converting an analysis of blood serum. Id. Thus, the court certified the question to this Court. Id.
Florida Tile involved an employee of a ceramic wall and floor tile manufacturer who was found unconscious on a concrete floor six feet below his work station. 561 So.2d at 654-55. A blood alcohol test conducted at the emergency room reflected that the employee's serum alcohol level was 0.16. Id. at 655. The judge of compensation claims refused to apply the statutory presumption of causation by intoxication because he found that section 440.09(3) requires a test for alcohol in the employee's whole blood, not blood serum. Id. On appeal, the First District Court of Appeal affirmed, finding that the statute makes no provision for a determination of blood alcohol content based upon blood serum. Id.
We disagree with Florida Tile's narrow construction of section 440.09(3). While the statute creates a presumption that an injury was "occasioned primarily by the intoxication of ... an employee" where the employee's blood alcohol content measures 0.10 percent or more, the statute imposes no limitation on the method for proving that blood alcohol content.[2] Nor does the statute specifically exclude blood serum test results, as the district court found in Florida Tile. Such an interpretation is inconsistent with Florida's Evidence Code which provides that "[a]ll relevant evidence is admissible, except as provided by law." § 90.402, Fla.Stat. (1991). Clearly, an employee's blood alcohol content is relevant to an intoxication defense against a claim for workers' compensation benefits. Because section 440.09(3) does not specifically exclude blood serum test results, those results are relevant to a claim that an employee had a blood alcohol content of 0.10 percent or more at the time of an injury.
Although not directly on point, this Court's decision in Robertson v. State, 604 So.2d 783 (Fla.1992), is instructive here. Robertson involved Florida's implied-consent law, which requires all persons accepting a license to drive in Florida to consent to a blood alcohol test upon being arrested for driving under the influence. See §§ 316.1932-.1934, Fla. Stat. (1987). The statutes specify certain testing regulations that must be followed and includes an exclusionary rule prohibiting the use of test results taken contrary to its core policies. Notwithstanding this exclusionary rule, this Court determined that test results that did not comply with the statutory requirements can still be admissible on an independent basis to prove that a person was operating a vehicle with an unlawful blood alcohol level. Robertson, 604 So.2d at 791. If test results that do not comply with specific statutory requirements are not per se inadmissible, then the court should be given the same freedom to determine admissibility under Florida's Evidence Code in the instant case where the statute has no specific procedural requirements.
Furthermore, the Florida Tile interpretation contradicts sections 90.702-90.705, Florida Statutes (1991), which address opinion testimony by experts. As provided in section 90.702, an expert witness may testify in the form of an opinion if the expert's specialized knowledge would assist the trier of fact in understanding the evidence or in determining a fact in issue. Section 90.704 further provides that facts or data relied upon by the expert to support the opinion expressed need not be admissible as long as the facts or data are of a type reasonably relied upon by experts in that *596 subject. Serum blood alcohol tests meet the Frye[3] standard of general scientific acceptance and have been accepted by other courts to establish blood alcohol levels. See, e.g., Michie v. State, 632 So.2d 1106, 1108 (Fla. 2d DCA 1994) (finding that serum blood test established that defendant operated vehicle with unlawful blood alcohol level). Thus, we answer the certified question in the negative: the statute does not preclude expert testimony converting blood alcohol content from a percentage of blood serum to a percentage of whole blood.
Moreover, the admission of evidence bearing upon an employee's intoxication comports with the purpose of the statute, namely that an employee is not entitled to receive workers' compensation benefits if an injury was caused by the employee's intoxication. Thus, serum blood test results and their conversion to whole blood equivalents are admissible to prove that an "injury was occasioned primarily by the intoxication of the employee" as provided in section 440.09(3).[4]
Accordingly, we answer the certified question in the negative, quash the decision below, and remand for proceedings consistent with this opinion. We also disapprove the opinion in Florida Tile to the extent that it is inconsistent with our holding in this case.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 440.09(3), Florida Statutes (1991), creates a statutory presumption of causation by intoxication which precludes compensation. This "intoxication statute" provides:

No compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee; by the influence of any drugs, barbiturates, or other stimulants not prescribed by a physician, which affected the employee to such an extent that the employee's normal faculties were impaired; or by the willful intention of the employee to injure or kill himself, herself, or another. If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee's blood, or if the employee has a positive confirmation of a drug as defined in this act, it shall be presumed that the injury was occasioned primarily by the intoxication of, or by the influence of the drug upon, the employee. In the absence of a drug-free workplace program, this presumption may be rebutted by clear and convincing evidence that the intoxication or influence of the drug did not contribute to the injury. Percent by weight of alcohol in the blood shall be based upon grams of alcohol per 100 milliliters of blood. However, if, prior to the accident, the employer had actual knowledge of and expressly acquiesced in the employee's presence at the workplace while under the influence of such alcohol or drug, the presumption specified in this subsection shall not apply.
[2] Although the legislature amended section 440.09 in 1994 to specifically permit the use of blood serum to test for blood alcohol level, see § 440.09(7)(b), Florida Statutes (Supp.1994), we decide the instant case based upon the language of the 1991 statute, the general rules regarding the admissibility of evidence, and the intent of the statute.
[3] Frye v. United States, 293 F. 1013, 1014 (D.C.Cir.1923) (explaining that in order for expert testimony to be admissible, it must be based on a scientific principle or discovery that is "sufficiently established to have gained general acceptance in the particular field in which it belongs"). Florida utilizes the Frye test to determine the admissibility of new or novel scientific evidence. See Hayes v. State, 660 So.2d 257, 262 (Fla.1995) (reaffirming the Frye test and citing recent line of cases which also recognize Frye as the correct standard in Florida).
[4] As the district court recognized in Michie v. State, 632 So.2d 1106, 1108 (Fla. 2d DCA 1994), serum alcohol concentration is not the same as a blood alcohol concentration and is typically higher than a corresponding whole blood measurement. In order to trigger the statutory presumption that an injury was "occasioned primarily by the intoxication of the employee" where blood serum is tested, the blood alcohol level must be proven to be equivalent to or greater than the comparable whole blood alcohol level that would have been obtained if a whole blood test had been used. The legislature specifically included this requirement in the 1994 amendment of section 440.09. See § 440.09(7)(b).