PER CURIAM.
In this workers’ compensation case, the employer/earrier (e/c) challenge an order of the Judge of Compensation Claims (JCC) awarding benefits to the claimant. Specifically, the e/c argue that the JCC erred in rejecting their defense which was based upon the intoxication presumption in section 440.09(3), Florida Statutes (1991).[1] We agree with the e/c that the presumption should have been applied, and reverse.
On November 10, 1991, the claimant was injured in a single-vehicle accident when the truck he was driving for the employer overturned. The claimant was taken to the hospital where, approximately two to three hours after the accident, a blood serum test revealed an alcohol content of .201. A test of the claimant’s whole blood was not performed.
A claim for benefits was filed, which the e/c defended on grounds that the intoxication presumption in section 440.09(3) precluded compensation.
At a hearing on the claim, the hospital’s laboratory director explained that blood alcohol testing was routinely performed on blood serum or plasma, and was not performed on whole blood. According to Dr. Mark Montgomery, a biochemical toxicologist who offered expert testimony, blood serum is the liquid portion of the blood that remains after the red blood cells are removed. Because alcohol distributes in the liquid space, and cells are not completely permeable to water, alcohol testing performed on blood serum will show a higher concentration of alcohol than if the test were performed on whole blood. Dr. Montgomery testified that a serum test result would range from 8 to as much as 17 percent higher than a whole blood result. Using a conservative and accepted reduction factor of 15 percent, Dr. Montgomery concluded that the claimant’s serum result of .201 would translate to a whole blood result of .17. Based upon the claimant’s testimony as to the time of the accident and the time he stopped drinking, Dr. Montgomery estimated that the claimant had a whole blood level between .19 and .23 at the time of the accident. The calculations *68 necessary to make this estimate did not require any further adjustment for the fact that the test was performed on serum.
Although this evidence indicated a whole blood level substantially exceeding the .10 required to trigger the intoxication presumption, the JCC found the presumption inapplicable. In apparent reliance upon our decision in Florida Tile Industries v. Dozier, 561 So.2d 654 (Fla. 1st DCA), rev. denied, 576 So.2d 286 (Fla.1990), the JCC concluded that only the actual testing of whole blood could trigger the presumption; serum testing converted to a whole blood result could not be used.
The JCC’s reliance upon Dozier is misplaced in light of the supreme court’s decision in Domino’s Pizza v. Gibson, 668 So.2d 593 (Fla.1996). There, the supreme court disapproved of our holding in Dozier, and held that “serum blood test results and their conversion to whole blood equivalents are admissible” to establish the claimant’s intoxication for purposes of the statutory presumption. Domino’s Pizza, 668 So.2d at 596. Consequently, the JCC erred in concluding that the blood serum test result could not be used to establish the presumption of intoxication under section 440.09(3).
Accordingly, the award of benefits is REVERSED and the case is REMANDED for proceedings consistent with this opinion.
MINER, KAHN and LAWRENCE, JJ., concur.

. The statute provides in pertinent part:
No compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee; ... If there was at the time of the injury 0.10 percent or more by weight of alcohol in the employee’s blood ... it shall be presumed that the injury was occasioned primarily by the intoxication of ... the employee.... Percent by weight of alcohol in the blood shall be based upon grams of alcohol per 100 milliliters of blood.